UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MORRIS COE, et al.**,<br><br>           Plaintiffs,<br><br>v.<br><br>**ERIC HIMPTON HOLDER, JR.,**<br>**Attorney General of**<br>**the United States, et al.**,<br><br>           Defendants. | Civil Action No. 13-cv-184 (RLW) |

# **MEMORANDUM OPINION**[1]

Defendant JPMorgan Chase Bank, N.A. ("Chase") filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) and, in the alternative, a Motion to Sever Any Remaining Claims and Transfer Venue, on April 22, 2013. (Dkt. No. 2). For the reasons discussed below, the Motion to Dismiss will be **GRANTED**.

## I.    Factual Background

The sixteen pro se Plaintiffs in this case claim they have "full Sovereign Immunity and have Indigenous Rights by virtue of their Sovereign Indigenous Nation," (Dkt. No. 1, at 4), and that as "a foreign government [thei]r property is immune from attachment and execution (illegal Seizure)," (Dkt. No. 1, at 11) (emphasis removed). They filed a two-count Complaint for Declaratory and Injunctive Relief against five banks, the Texas Attorney General, and the

---

[1]    This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* FED. R. APP. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

1

U.S. Attorney General, alleging that their homes have been improperly foreclosed. Construing Plaintiffs' claims liberally, as this Court must do with pro se litigants, and construing the facts in the Complaint in the light most favorable to them, *see Esposito v. Dep't of Treasury*, 2012 WL 1076155, at *1 n.2 (Mar. 30, 2012), there is also a claim, as Plaintiffs note elsewhere in their Complaint, brought pursuant to 42 U.S.C. § 1983, (*see* Dkt. No. 1, at 5). The Plaintiffs seek a declaratory judgment that their rights have been violated under the First, Fourth, Fifth, and Fourteenth Amendments. (Dkt. No. 1, at 43). And they seek "a permanent injunction forever enjoining Defendants . . . from initiating false foreclosures on Plaintiffs' properties." (Dkt. No. 1, at 46).

This is not the first time these Plaintiffs have sought redress in the courts regarding these allegations. As they themselves note, they have "challenged each of their illegal foreclosures and falsification of foreclosure documents by the Defendants . . . in the District Court of their respective County, and were each and every time denied the right to have their allegations truly be heard." (Dkt. No. 1, at 33). In addition, "[a]ll Plaintiffs recently moved unsuccessfully to intervene in the National Mortgage Settlement." (Dkt. No. 2-1, at 13).[2]

## II.   Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a Rule 12(b)(6) motion, the court construes the complaint liberally in the plaintiff's favor and grants them all reasonable inferences. *See Stokes v. Cross*, 327 F.3d 1210, 1215

---

[2]   Despite having their Motion to Intervene in the National Mortgage Settlement previously denied because, in part, the Settlement "dealt with mortgage practices in general, and not any particular mortgages," (Order Regarding Motion to Intervene, Case No. 12-cv-361, Dkt. No. 62, at 2), Plaintiffs attempt to revive this argument again here, claiming that they are "seeking enforcement of the terms of the consent agreement, a contractual obligation." (Dkt. No. 22, at 3-4).

(D.C. Cir. 2003). Despite the positive inferences granted in considering a motion to dismiss, a complaint must sufficiently "give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations omitted). Although the complaint does not require detailed factual allegations, it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*

## III.   Analysis

Chase offers several independent reasons for dismissal. For example, as noted above in footnote two, Plaintiffs base their argument in part on a purported claim to enforce the National Mortgage Settlement, an attempt that has already been rejected in a ruling that this Court need not revisit. This memo, however, will focus on the argument regarding 42 U.S.C. § 1983's inapplicability, which independently leads to the inexorable conclusion that Plaintiffs' Complaint must be dismissed pursuant to Rule 12(b)(6).[3]

To succeed on a Section 1983 claim, Plaintiffs must show that the alleged deprivation of their rights was committed by a defendant acting under color of state law. *See, e.g.*, *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Under certain circumstances, a private party who jointly participates with a government official can act under color of state law. Such joint participation requires (1) some type of conspiracy or agreement between the state and the private party; (2) a demonstration the parties shared common goals; and (3) conduct in furtherance of the conspiracy or agreement that violates federally protected rights. *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 941 (1982); *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

---

[3] Only four Plaintiffs—Morris Coe, Steven Crear, Sr., Rose Starnes, and Talance Sawyer—allege any facts regarding Chase. Chase sought dismissal of the other Plaintiffs pursuant to FED. R. CIV. P. 12(b)(1), arguing the other Plaintiffs have no standing to maintain their lawsuit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62 (1992). Plaintiffs did not respond to this argument, and the Court treats it as conceded. *See Newton v. Office of the Architect of the Capitol*, 840 F. Supp. 2d 384, 397 (D.D.C. 2012) ("When a party files an opposition addressing only certain arguments raised in a dispositive motion, a court may treat those arguments that the non-moving party failed to address as conceded.").

Plaintiffs have not alleged any facts that suggest any such activity took place here. Instead, they offer the bald allegation that the Defendant banks "called upon the Courts and government to enforce the illegal foreclosure proceedings." (Dkt. No. 22, at 17). There is no fact alleged regarding Chase or any other Defendant making such a "call," nor is there any fact alleged that any U.S. court or government official heeded such a "call." Banks are regulated by the U.S. government, but that alone is not joint activity sufficient to bring a bank within the purview of Section 1983. Courts have repeatedly held that "[a] bank does not act 'under color of' state law for the purposes of Section 1983." *Tucker v. JPMorgan Chase Bank*, 2009 WL 4348947, at *1 (W.D. La. Nov. 24, 2009) (citing *Parker v. First Union Nat. Bank*, 816 F.2d 673 (4th Cir. 1987)); *see also Shipley v. First Fed. Sav. & Loan Ass'n of Del.*, 703 F. Supp. 1122, 1131 (D. Del. 1988) (finding a bank who filed a foreclosure action was not acting under color of state law for purposes of Section 1983). Because Plaintiffs' Complaint is based on Section 1983, and Chase did not act under color of state law, Chase's motion to dismiss must be granted.

Because Plaintiffs have no valid Section 1983 claim against Chase, their claim for a declaratory judgment must also fail. The Declaratory Judgment Act "is not an independent source of federal subject matter jurisdiction." *Seized Prop. Recovery Corp. v. U.S. Customs and Border Prot.*, 502 F. Supp. 2d 50, 64 (D.D.C. 2007) (quoting *GNB Battery Technologies, Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995)). Without an actual case or controversy, this Court cannot render a declaratory judgment. *See, e.g.*, *C&E Water Servs., Inc. of Washington v. District of Columbia Water and Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002). Moreover, the declarations sought border on the frivolous. For example, Plaintiffs claim a First Amendment violation because they have been denied access to court to have their grievances heard. (Dkt. No. 1, at 43). In fact they have had their grievances heard many times

by many courts; the problem is that repeatedly courts have found their claims to be without merit.[4]

## CONCLUSION

For the foregoing reasons, Chase's Motion to Dismiss and, in the alternative, Motion to Sever Any Remaining Claims and Transfer Venue (Dkt. No. 2) is **GRANTED**.  An Order accompanies this Memorandum.

Date: June 18, 2013

ROBERT L. WILKINS
United States District Judge

---

[4] By the same logic, this Court cannot enter an injunction "forever enjoining Defendants . . . from initiating false foreclosures on Plaintiffs' properties." (Dkt. No. 1, at 46). *See, e.g.*, *Clink v. New York Cmty. Bank*, 2013 WL 1812203, at *4 (E.D. Mich. Apr. 30, 2013) ("[T]he request for injunctive relief does not assert any separate cause of action.") (citing *Goryoka v. Quicken Loan, Inc.*, 2013 WL 1104991, at *3 (6th Cir. Mar. 18, 2013)).