UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MORRIS COE, et al.**,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**ERIC HIMPTON HOLDER, JR.,**<br>**Attorney General of**<br>**the United States, et al.**,<br><br>　　　　　Defendants. | Civil Action No. 13-cv-184 (RLW) |

## **MEMORANDUM OPINION AND ORDER**[1]

　　　　The Clerk's Office of the U.S. District Court for the District of Columbia has received three documents from the Plaintiffs in this matter filed in violation of the Federal Rules of Civil Procedure, the Local Civil Rules, and/or a previous Order of this Court.  One purports to be a motion for default judgment, but it relates to a party for which no summons has been issued.  A second purports to be a motion for reconsideration, but it lacks a valid certificate of service.[2]  And the third is a draft amended complaint, although this Court previously ordered that to file a draft amended complaint Plaintiffs need to file a Motion for Leave to Amend.  (*See* Dkt. No. 10).

---

[1]　　This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling.  The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel.  *Cf.* FED. R. APP. P. 32.1.  Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition."  D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

[2]　　It should also be noted that the purported motion for reconsideration misreads Federal Rule of Civil Procedure 15(a), which states that a pleading may be amended as a matter of right within 21 days of *service* of a motion under Rule 12(b), not within 21 days of *receipt* of such a motion.

While materials filed by pro se litigants are generally held to less stringent standards than those applied to formal documents drafted by lawyers, even pro se litigants must comply with the Federal Rules of Civil Procedure and the Local Civil Rules. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Plaintiffs have already been put on notice by this Court that they need to comply with the Rules, but they continue to fail to do so. And this is on top of the fact that, when this Court notifies Plaintiffs about developments in this matter by mailing out rulings to the addresses on file, many of the mailings are returned as undeliverable, another violation of the Rules. *See* LCvR 11.1 ("Notice of change in address or telephone number of an attorney or a party not represented by an attorney must be filed within 14 days of the change.").

If Plaintiffs intend to pursue their claims in this matter, they must do so in compliance with the Federal Rules of Civil Procedure, the Local Civil Rules, and rulings issued by this Court. To date, they have failed repeatedly to do so. Accordingly, leave to file for the documents presented by Plaintiffs in violation of the Rules is hereby **DENIED**.

Date: July 19, 2013

_____
ROBERT L. WILKINS
United States District Judge